UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>  v.<br><br>G6 HOSPITALITY PROPERTY LLC et al.,<br><br>    Defendants. | CASE NO. 2:25-cv-00347-LK<br><br>ORDER GRANTING IN PART MOTION TO PROCEED UNDER PSEUDONYM |

This matter comes before the Court on Plaintiff Jane Doe's Motion to Proceed Under Pseudonym. Dkt. No. 58. For the reasons stated below, the motion is granted in part and denied in part.

## I.   BACKGROUND

Plaintiff brings this action under the Trafficking Victims Protection Reauthorization Act against several hotels and their parent companies. Dkt. No. 1 at 4–7. She alleges that from 2017 to 2019, she was "rotated between" four different Seattle-area hotels where traffickers rented rooms to harbor and exploit her for commercial sex acts. *Id.* at 3, 16, 78.

The complaint alleges that Doe was "shot in the leg," "burned multiple times with a cigarette," and "consistently beaten by her trafficker." *Id.* at 16–17. Doe's trafficker would allegedly "threaten to hurt or kill her family" if she did not comply with his demands. *Id.* at 17. "Given this conduct and the sensitive, private, and potentially retaliatory nature of these allegations, Jane Doe fears disclosure of her real name in this lawsuit." Dkt. No. 58 at 3.

## II.  DISCUSSION

In the present motion, Doe requests to proceed under pseudonym. Dkt. No. 58. Her request does not appear limited to a particular phase of the proceedings. *See id.* Defendants G6 Hospitality Franchising LLC, G6 Hospitality IP LLC, G6 Hospitality LLC, G6 Hospitality Property LLC, G6 Hospitality Purchasing LLC, Motel 6 Operating L.P., Wyndham Hotels & Resorts, Inc. do not oppose Doe's request for pretrial purposes. Dkt. Nos. 59–60.[1] Defendants SeaTac Hotels LLC and Lala Salama Hospitality Inc. did not file a response.

Federal Rule of Civil Procedure 10(a) directs that a "complaint must name all the parties," and the "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings," *Does I thru XXIII v. Adv. Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). However, a plaintiff may proceed anonymously in the "unusual case when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment," and that need "outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1067–68. The Court must "determine the precise prejudice at each stage of the proceedings to the opposing party" and "decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* at 1068.

---

[1] HSK212 filed a response, Dkt. No. 61, but has since been dismissed from the case, Dkt. No. 65.

      Instances where a pseudonym may be permissible include (1) "when identification creates a risk of retaliatory physical or mental harm"; (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature"; and (3) "when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Adv. Textile Corp.*, 214 F.3d at 1068 (citation modified). When "pseudonyms are used to shield the anonymous party from retaliation," courts consider "(1) the severity of the threatened harm," "(2) the reasonableness of the anonymous party's fears," and "(3) the anonymous party's vulnerability to such retaliation." *Id*.

      Doe primarily argues that her identification could create a risk of retaliatory physical or mental harm, Dkt. No. 58 at 3–8, and the Court finds that all three retaliation factors support Doe proceeding anonymously at this stage. The complaint alleges fear of severe harm based on significant physical abuse by a trafficker, as well as threats to kill Doe's family. Dkt. No. 1 at 16–17. Doe's fears are reasonable given the context of those alleged harms. Moreover, the Court acknowledges Doe's vulnerability as a trafficking victim. *See generally* Dkt. No. 58 at 6–8; *see also id.* at 8 ("Jane Doe's traffickers and affiliates harbored and forced Jane Doe to engage in commercial sex acts for years through physical force, intimidation, coercion, and threats against her to obtain her compliance.").

      Next, the Court finds no "precise prejudice at [this] stage of the proceedings to the opposing party," *Adv. Textile Corp.*, 214 F.3d at 1068, given the lack of opposition from Defendants, *see* Dkt. Nos. 59–61; *see also* LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). Additionally, at this stage, the public interest does not compel "requiring that [Doe] reveal [her] identit[y]," *Adv. Textile Corp.*, 214 F.3d at 1068. *See* Dkt. No. 58 at 7–8; *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) ("The public generally has

a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." (citation modified)). Indeed, "it is difficult to see how disguising [Doe's] identit[y] will obstruct public scrutiny of the important issues in this case," at least at this stage. *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010) (citation modified).

Finally, the Court notes that "the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Adv. Textile Corp.*, 214 F.3d at 1069. Therefore, Doe's motion is granted as to the unopposed request through pretrial proceedings. Doe may file an appropriate pretrial motion to proceed under a pseudonym at trial should that become necessary.

### III.  CONCLUSION

For the foregoing reasons, Doe's Motion to Proceed Under Pseudonym is GRANTED in part and DENIED in part. Dkt. No. 58.

Dated this 15th day of December, 2025.

*[signature: Lauren King]*

Lauren King
United States District Judge